UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | : |
| | : Chapter 11 |
| **INFRASTRUCTURE SOLUTION SERVICES, INC.** | : |
| | : Case No. 1:19-bk-03915-HWV |
| **Debtor.** | : |

# MOTION OF INDEPENDENCE BLUE CROSS, LLC TO COMPEL REJECTION OF EXECUTORY CONTRACT AND FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

Independence Blue Cross, LLC ("Independence"), by and through its undersigned counsel, hereby file this motion to compel the rejection of the executory contract with Infrastructure Solution Services, Inc., and for allowance of postpetition administrative expenses (the "Motion") and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(O).

2. The statutory predicates for the relief requested herein are Sections 105, 365, 503, 507 of Chapter 11 of Title 11 of the United States Code and Fed. R. Bankr. P. 6006.

## II. FACTUAL BACKGROUND

3. On or about May 8, 2020, Infrastructure Solution Services, Inc. (the "Debtor") entered into Health Benefit Plan Group Master Contracts with Keystone Health Plan East, Inc., a

subsidiary of Independence ("Movant") to provide health insurance coverage to its employees. Prior contracts were entered into on or about October 7, 2019.

4. These coverage contracts (the "Contracts") required the Debtor to pay monthly premiums in order to maintain coverage.

5. The Contracts are executory contracts.

6. On September 13, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor is operating its businesses and managing its property as a debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtor has not paid the required postpetition premiums for May through September 2020, in the approximate amount of $32,850.05.

8. Movant has provided, and continues to provide, coverage to Debtor employees during the pendency of this bankruptcy.

9. Movant's continued insurance coverage provided value to the Debtor's estate, allowing it to retain employees and continue operations.

10. The Debtor has filed a second amended plan of reorganization (the "Plan") (DI #143) proposing that "Any of the Debtor's insurance contracts for health insurance shall be deemed assumed to the extent that any exist and shall continue until the Debtor terminates same or terminates operations." (Plan ¶7.2).

11. The Plan places Administrative Claims into Class 2, and provides that they "shall be paid as they become due in the ordinary course of business, on or before the Effective Date of this Plan, or as soon as is reasonably possible thereafter, or as otherwise agreed by the claimant and the Debtor, whichever of these dates shall occur later." (Plan ¶4.2).

3
OMC\4840-8315-7195.v1-9/17/20

Case 1:19-bk-03915-HWV    Doc 150    Filed 09/17/20    Entered 09/17/20 15:58:35    Desc
Main Document    Page 2 of 6

12. The Debtor proposes to fund the Plan via the entirely speculative sale of assets "anticipated to occur prior to the end of 2020." (Plan ¶6.1).

13. According to its most recent monthly operating report for June 2020, the Debtor has less than $12,000.00 in cash on hand and a net monthly cash flow of approximately $11,000.00. The Debtor did not pay the monthly premium to Movant in June 2020. (DI #129).

14. The Debtor has been unable to offer any adequate assurance of payment of arrears or future timely payment of premiums.

### III. RELIEF REQUESTED

#### A. Rejection of the Contract Pursuant to 11 U.S.C. §365

15. Pursuant to 11 U.S.C. §365(d)(3), a trustee, and by extension a chapter 11 debtor-in-possession, "shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected."

16. Pursuant to 11 U.S.C. §365(d)(2), the Court, "on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease."

17. Pursuant to 11 U.S.C. §365(b)(1), if a debtor-in-possession is in default under an executory contract, the debtor may not assume the contract unless the debtor "cures or provides adequate assurances that the [DIP] will promptly cure, such default," "compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and" "provides adequate assurance of future performance under such contract or lease."

4

18.     Adequate assurance of future performance "is to be given a practical, pragmatic construction based upon ... the circumstances of [the] case". <u>In re Prime Motor Inns, Inc.</u>, 166 B.R. 993, 997 (Bankr. S.D.Fla. 1994) quoting <u>In re Carlisle Homes, Inc.</u>, 103 B.R. 524, 538 (Bankr. D.N.J. 1988).

19.     To provide adequate assurances, a DIP must, in a practical sense, show that it can promptly cure any default, pay for damages caused by the default and continue in the contract without immediate subsequent default. <u>In re Texas Health Enterprises, Inc.</u>, 246 B.R. 832, 835 (Bankr. E.D. Tex. 2000).

20.     While courts generally apply the "business judgment" standard to a decision to assume or reject, that business judgment must be reasonably exercised. <u>Sharon Steel Corp. v. National Fuel Gas Distribution</u>, 872 F.2d 36, 39-40 (3d Cir. 1989).

21.     The Debtor is five months in default of the Contracts.

22.     The Debtor intends to assume the Contracts.

23.     The Debtor does not have sufficient funds to cure the arrears on the Contracts.

24.     The Debtor cannot make valid adequate assurances of future performance, given its financial situation.

25.     The Debtor apparently wishes to continue to receive insurance coverage without further payment until confirmation, or later.

26.     The Debtor intends to pay the associated administrative claim for arrears on the Contracts "on or after the effective date." This is a violation of 11 U.S.C. §1129(a)(9), which requires such payment in full on the effective date. The Debtor cannot make an effective-date payment in compliance with the Code.

5
OMC\4840-8315-7195.v1-9/17/20
Case 1:19-bk-03915-HWV    Doc 150    Filed 09/17/20    Entered 09/17/20 15:58:35    Desc
Main Document      Page 4 of 6

27. Each month this case continues, another premium payment comes due, causing damage to Movant and increasing administrative expenses to the estate.

28. The Debtor is completely unable to "cure and assure" as required for assumption under 11 U.S.C. §365.

29. There is no reasonable exercise of the Debtor's business judgment that supports the attempt to assume these contracts.

30. This Court should compel the Debtor to reject the Contracts.

31. In the alternative, this Court should require the Debtor to cure all Contract arrears and provide appropriate adequate assurances of future performance within fourteen (14) days, or else reject the Contracts.

### B. Allowance of Administrative Expense

32. Pursuant to 11 U.S.C. §503(b)(1)(a), the "actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense.

33. These allowed administrative expenses have priority of payment pursuant to 11 U.S.C. §507(a)(2).

34. Premiums due for postpetition insurance coverage pending assumption or rejection of an insurance contract are an administrative expense entitled to priority. In re Gamma Fishing Co., Inc., 70 B.R. 949 (Bankr. S.D.Cal. 1987).

35. The Contracts provided postpetition actual and necessary value to the estate, as demonstrated by the Debtor's attempt to assume the Contracts and keep coverage in force.

6

36. The coverage provided in the Contracts allowed the Debtor to continue operating and retain employees, in order to preserve its going-concern value for the sale proposed in the Plan.

37. If the Debtor cannot cure and provide adequate assurances in order to assume the Contracts, the unpaid premiums up to the date of rejection must be entitled to administrative priority expense status.

## IV. CONCLUSION

For the foregoing reasons, and the Debtor's inability to cure or provide adequate assurances of future performance as required by 11 U.S.C. §365(b), and the Debtor's inability to perform its obligations under the Contracts as required by 11 U.S.C. §365(d)(3), the Court must compel the Debtor to reject the Contracts with Movant pursuant to 11 U.S.C. §365(d)(2). In addition, all unpaid postpetition premiums must be allowed as an administrative priority claim.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

*/s/ Edmond M. George*
Edmond M. George, Esq.
Centre Square West
1500 Market Street Suite 3400
Philadelphia, PA 19102-2101
*Counsel for Movant*

Dated: September 17, 2020