IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case Nos. 1:19-bk-03915-HWV |
|    INFRASTRUCTURE SOLUTION | : |        1:19-bk-04825-HWV |
| SERVICES, INC. and | : | |
| ISS MANAGEMENT, LLC | : | Chapter 11 |
|         Debtors | : | |
| | : | |
| INFRASTRUCTURE SOLUTION | | |
| SERVICES, INC. AND ISS | : | (Jointly Administered) |
| MANAGEMENT, LLC | : | |
|         Movants | : | |
| | : | |
|     v. | : | |
| | : | |
| KOMATSU FINANCIAL LIMITED | : | |
| PARTNERSHP, S&T BANK and | : | |
| CHANGE CAPITAL HOLDINGS, | : | |
| LLC | : | |
|         Respondents | : | |
| | : | |

**ORDER APPROVING SALE OF EQUIPMENT**

This matter is before the Court on the motion (the "Motion") of Infrastructure Solution Services, Inc. ("ISS" or "Debtor") for the entry of an order authorizing sale of the Debtor's Equipment (as defined in the Motion).

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Property, and such is due and sufficient in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor's bankruptcy estate and the creditors thereof; following hearings on the Motion in which the Objection to the sale of Realvio REI, LLC ("Realvio") was withdrawn; and good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

    A.    ISS is operating under a confirmed Plan of Reorganization ("Plan").

B. The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (c), (f), (k) and (m) and Bankruptcy Rules 2002, 6004, 9013, and 9014, and as set forth in the Debtor's Plan.

C. This Court has jurisdiction over Debtor, over all of Debtor's assets wherever located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with Bankruptcy Code and Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Equipment therein referenced, has been provided to all creditors and interested parties in the Debtor's above-referenced Chapter 11 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Equipment.

F. The relief sought in the Motion, as amended herein, is in the best interest of this estate, its creditors, and all parties in interest.

G. Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated in the Motion, as amended hereinafter in this Order, (the "Sale Transaction").

H. The consummation of the Sale Transaction is properly authorized under all applicable provisions of Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), 363(m) and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

I. Debtor may sell the Equipment sale free and clear of all Liens and Claims (as more fully set forth in the Motion and as may be listed therein) because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2. The Motion, as amended hereinafter, is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented to the sale of the Equipment pursuant to Bankruptcy Code Section 363(f). The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3. The Debtor shall sell the 2014 PC 138 Excavator, which is set forth in the Motion, to Realvio for $30,000.00. Such sum shall be delivered by wire transfer to counsel for the Debtor, Robert E. Chernicoff, Esquire, within ten (10) days after the date of entry of this Order. The balance of the Equipment set forth in the Motion, being four (4) pieces of equipment and a dump truck, shall be sold to Philly Class A Demolition, Inc. for the sum of $210,000.00. The payment of the balance owed by Philly Class A Demolition, Inc. shall be paid or wired to counsel for the Debtor within ten (10) days after the date of entry of this Order.

4. Each Agreement, bills of sales, releases, other agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale of the Equipment are approved and authorized in their entirety, except as may be modified in this Order.

5. Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f) to take all actions necessary to effectuate the sale of the Equipment.

6. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), 363(m) and 363(n).

7. Any other provisions of Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

8. Debtor hereby is authorized to execute, deliver, exchange, all documents necessary or appropriate to consummate sale and transfer of the Equipment to the Buyer.

9. The Debtor, as "Seller", will pay costs and expenses associated with the sale of the Equipment at closing as follows:

   a. Any notarization or incidental filing charges required to be paid by Debtor as Seller.

   b. All other costs and charges apportioned to the Debtor as seller;

    c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $10,000.00 from the sale of the Equipment, split so that $5,000.00 is to be paid from the proceeds of the Komatsu Equipment, and $5,000.00 is to be paid from the proceeds of the Mack Truck, payable to Debtor's counsel, Cunningham, Chernicoff & Warshawsky, P.C., in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing and other approved professional fees and expenses in connection with this case.

10. Subsequent to the payment of the costs of sale set forth above, the Debtor shall pay the proceeds of any sale of the Mack Truck to S&T Bank on account of its lien in an amount not to exceed the total amount owed to S&T Bank as to is secured claim on the Mack Truck. Any net proceeds remaining from the sale of the Mack Truck shall be utilized to pay for administrative expenses and other creditors of the Debtor as set forth in the Debtor's Plan.

11. Subsequent to the payment of the costs of sale as set forth above, the Debtor shall pay the net proceeds of any sale of the Komatsu Equipment to Komatsu on account of its lien in an amount not to exceed the total amount owed to Komatsu as to its allowed secured claim.

12. Any proceeds from the sale of the Komatsu Equipment over and above the amount necessary to pay Komatsu in full as to its allowed secured claim shall be paid to S&T Bank on account of its blanket security interest in all of the equipment of the Debtor, excluding any lien in the Mack Truck.

13. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Equipment, to the net proceeds obtained for the Equipment, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims, except for easements of roads, privileges or rights of public service companies, if any, agreement or like matters of record, and easements or restrictions visible upon the ground, and when sale of the Equipment occurs. If the proposed sale of the Equipment fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Equipment are hereby directed to prepare, and record promptly after the closing of sale of the Equipment, releases of such Liens and Claims reasonably satisfactory to the Buyer.

14. Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

15. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the

Closing Date, all Liens and Claims existing or that may be raised as to the Equipment, except for easements of roads, privileges or rights of public service companies, if any, agreements or like matters of record, and easements or restrictions visible upon the ground, prior to such closing have been unconditionally released and terminated.

16. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Equipment (all such persons or entities being "Recording Officers"). All recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Equipment in conformity herewith.

17. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Equipment; (c) to compel delivery of the Equipment to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

18. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004 is declared inapplicable and waived.

Dated: February 19, 2021  By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge (CD)